No. 05-4187

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

DEC 0 5 2005

**LEONARD GREEN, Clerk**

In re: ROGER TANNER, )
)
Petitioner. ) O R D E R
)
)

3:94cv 7202

OAK

Before: MERRITT, MOORE, and SUTTON, Circuit Judges.

The petitioner filed a motion for default judgment in a civil action that had been closed for seven years. The district court denied the motion and instructed the clerk not to accept any additional filings from the petitioner in that case. The petitioner now seeks from this court a writ of mandamus directing the district court to award him $ 5,456,245 in damages in default judgment.

In 1994, the petitioner filed a civil RICO action against four named defendants. Defendant William Johns ("Johns") failed to file an answer and the petitioner moved for default judgment as to him. The district court found that motion well-taken, but reserved the issue of damages until the conclusion of the entire case. (RE 38) The district court granted summary judgment to the remaining defendants in March 1997 (RE 150), and dismissed the last pending claims (counterclaims against the petitioner) in January 1998. (RE 188 & 189) Meanwhile, the petitioner had submitted a brief seeking $ 697,825.00 in damages from Johns. (RE 171) Although the district court later gave the petitioner additional time in which to supplement that request (RE 186 & 187), no further documentation was filed. In an opinion docketed on March 30, 1998, the district court concluded the petitioner had not presented evidence to establish entitlement to any damages against Johns. (RE

190) The district court then entered judgment dismissing the action. (RE 191) The petitioner did not appeal that judgment.

In July 2005, the petitioner submitted to the district court a notice requesting the clerk of that court to enter default judgment. (RE 193) The district court denied that motion by marginal entry on July 21, 2005. (RE 194) On August 5, 2005, the petitioner filed another notice of default judgment seeking a total of $ 5,456,245.00 in trebled damages and interest. (RE 195) The district court construed that document as a motion and denied it as such in an order entered on August 11, 2005. (RE 197) Noting that the action had been closed over seven years earlier, the district court also stated that it would not "accept any additional filings in this matter," and instructed the clerk "to refuse to accept any such filings, except a notice of appeal to the Sixth Circuit Court of Appeals."

The petitioner responded to the above order with the present petition for a writ of mandamus. He asserts the district court had a "clear, ministerial, and nondiscretionary duty" to enter default judgment in his favor and to "award the damages he has prayed for in his declaration of damages."

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought." *In re American President Lines, Ltd.*, 929 F.2d 226, 227 (6th Cir. 1991) (order). A petitioner must also show that he lacks adequate alternative means to obtain the relief he seeks. *Mallard v. United States District Court*, 490 U.S. 296, 309 (1989). The petitioner has not made such a showing.

The petitioner had a right to seek appellate review of the denial of damages following the entry of final judgment in the civil RICO action in 1998. For whatever reason, he chose not to appeal that judgment and may not now attempt to use an extraordinary writ to seek a delayed, alternate avenue of review. Mandamus cannot be used as a substitute for an available appeal. *City*

*of Cleveland v. Krupansky*, 619 F.2d 572, 575 (6th Cir.) (per curiam), *cert. denied*, 449 U.S. 834 (1980).[1]

It therefore is **ORDERED** that the petition for a writ of mandamus is denied.

ENTERED BY ORDER OF THE COURT

*Leonard Green*
Clerk

A TRUE COPY
Attest:
LEONARD GREEN, Clerk
By _____
Deputy Clerk

---

[1] Even if this court could review the petitioner's arguments, we note that a plaintiff is not always entitled to damages against a defaulting defendant, especially if other defendants successfully defend against the claims in the complaint. *See, e.g., In re First T.D. & Investment, Inc.*, 253 F.3d 520, 532 (9th Cir. 2001); *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (per curiam); *Bastien v. R. Rowland & Co.*, 631 F. Supp. 1554, 1561 (E.D. Mo. 1986), *aff'd*, 815 F.2d 713 (8th Cir.) (table), *cert. denied*, 484 U.S. 854 (1987). This is an argument, however, that could have been addressed on direct appeal, and need not be addressed over seven years later by means of mandamus review.